Andrew Leibnitz (State Bar No. 184723)
aleibnitz@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

David W. Harlan (*pro hac vice pending*)
Richard L. Brophy (*pro hac vice pending*)
Mark A. Thomas (*pro hac vice pending*)
Zachary C. Howenstine (*pro hac vice pending*)
dharlan@armstrongteasdale.com
rbrophy@armstrongteasdale.com
mathomas@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
Armstrong Teasdale LLP
7700 Forsyth Blvd. Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 621-5065

Attorneys for Plaintiff
CAVE CONSULTING GROUP, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CAVE CONSULTING GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TRUVEN HEALTH ANALYTICS INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cave Consulting Group, Inc. ("CCGroup") alleges as follows for its Complaint for Patent Infringement against Defendant Truven Health Analytics Inc. ("Truven"):

**Parties**

1. Plaintiff CCGroup is a California corporation with a principal place of business in San Mateo, California.

2. Defendant Truven is a Delaware corporation with a principal place of business in

Ann Arbor, Michigan.

3. Truven competes with CCGroup in the market for physician efficiency measurement software.

**Nature of the Action**

4. This is an action for infringement of U.S. Patent No. 8,340,981 ("the '981 patent") and U.S. Patent No. 8,768,726 ("the '726 patent") (together, "the Asserted Patents"), brought by CCGroup against Truven.

**Jurisdiction & Venue**

5. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6. The Court has personal jurisdiction over Truven because Truven maintains a physical presence in California, with offices in Sacramento, San Jose, and Santa Barbara. On information and belief, the Court also has personal jurisdiction over Truven because Truven has sold or offered for sale in California the products and services accused of infringement in this action. Additionally, Truven is registered to do business in California and has an agent for service of process in California.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Truven resides in this district for venue purposes, and because a substantial part of the events or omissions giving rise to CCGroup's claims occurred in this district.

**Patents-in-Suit**

8. On December 25, 2012, the U.S. Patent and Trademark Office duly and legally issued the '981 patent, entitled *Method, System, and Computer Program Product for Physician Efficiency Measurement and Patient Health Risk Stratification Utilizing Variable Windows for Episode Creation*. A copy of the '981 patent is attached as Exhibit A.

9. CCGroup is the owner by assignment of all right, title, and interest in the '981 patent and has the right to sue for infringement thereof.

10. The '981 patent is valid and enforceable.

11. On July 1, 2014, the U.S. Patent and Trademark Office duly and legally issued the

1   '726 patent, entitled *Method, System, and Computer Program Product for Physician Efficiency Measurement and Patient Health Risk Stratification Utilizing Variable Windows for Episode Creation*.  A copy of the '726 patent is attached as Exhibit B.

2   12.   CCGroup is the owner by assignment of all right, title, and interest in the '726 patent and has the right to sue for infringement thereof.

3   13.   The '726 patent is valid and enforceable.

### Truven's Infringement of the Asserted Patents

14.   Truven is infringing one or more claims of both Asserted Patents by making, importing, using, selling, and/or offering for sale its physician efficiency measurement software and services, including the software product marketed as ActionOI Practice Insights ("the Accused Products").

15.   On information and belief, Truven's infringing acts will continue unless restrained by this Court.

### COUNT I

### Infringement of the '981 Patent

16.   CCGroup restates and incorporates by reference paragraphs 1-14 of this Complaint.

17.   Truven's manufacture, importation, use, sale, and/or offer(s) for sale of the Accused Products infringes the '981 patent literally or under the doctrine of equivalents.

18.   As a result of Truven's conduct, CCGroup has suffered damages in an amount to be proven at trial or otherwise.

19.   CCGroup is without an adequate remedy at law and has suffered, and will continue to suffer, irreparable injury if the Court does not preliminarily and permanently enjoin Truven from infringing the '981 patent.

20.   Truven's infringement of the '981 patent has been willful and deliberate since at least December 2014, when CCGroup sent Truven a letter notifying Truven of the '981 patent and requesting additional information about the functionality of Truven's physician efficiency measurement software.  Truven did not comply with CCGroup's request for information.

## COUNT II

### Infringement of the '726 Patent

21. CCGroup restates and incorporates by reference paragraphs 1-14 of this Complaint.

22. Truven's manufacture, importation, use, sale, and/or offer(s) for sale of the Accused Products infringes the '726 patent literally or under the doctrine of equivalents.

23. As a result of Truven's conduct, CCGroup has suffered damages in an amount to be proven at trial or otherwise.

24. CCGroup is without an adequate remedy at law and has suffered, and will continue to suffer, irreparable injury if the Court does not preliminarily and permanently enjoin Truven from infringing the '726 patent.

25. Truven's infringement of the '726 patent has been willful and deliberate since at least December 2014, when CCGroup sent Truven a letter notifying Truven of the '726 patent and requesting additional information about the functionality of Truven's physician efficiency measurement software. Truven did not comply with CCGroup's request for information.

### Prayer for Relief

On motion or after a trial by jury, CCGroup requests that the Court grant the following relief:

A. Preliminarily and permanently enjoin Truven and those in active concert or participation with it from further infringing the '981 patent pursuant to 35 U.S.C. § 283;

B. Preliminarily and permanently enjoin Truven and those in active concert or participation with it from further infringing the '726 patent pursuant to 35 U.S.C. § 283;

C. Enter judgment that Truven infringes one or more claims of the '981 patent;

D. Enter judgment that Truven's infringement of the '981 patent has been willful;

E. Enter judgment that Truven infringes one or more claims of the '726 patent;

F. Enter judgment that Truven's infringement of the '726 patent has been willful;

| | | |
|---|---|---|
| 1 | G. | Award CCGroup monetary damages in an amount sufficient to compensate CCGroup for the harm caused by Truven's infringement, not less than a reasonable royalty for the use made of the inventions, along with pre- and post-judgment interest pursuant to 35 U.S.C. § 284; |
| 5 | H. | Award CCGroup treble damages for Truven's willful infringement pursuant to 35 U.S.C. § 284; |
| 7 | I. | Declare this case exceptional and award CCGroup its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285; |
| 9 | J. | Award CCGroup supplemental monetary damages for any acts causing harm after judgment and before entry of the permanent injunction; and |
| 11 | K. | Award CCGroup such other and further relief as the Court finds just and proper. |

**JURY DEMAND**

CCGroup asserts its right to and demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: May 14, 2015                                    FARELLA BRAUN + MARTEL LLP

By: /s/ *Andrew Leibnitz*
       Andrew Leibnitz

David W. Harlan (*pro hac vice pending*)
Richard L. Brophy (*pro hac vice pending*)
Mark A. Thomas (*pro hac vice pending*)
Zachary C. Howenstine  (*pro hac vice pending*)
ARMSTRONG TEASDALE LLP

Attorneys for Plaintiff
CAVE CONSULTING GROUP, INC.