UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRUVEN HEALTH ANALYTICS INC., <br><br> Defendant. | Case No. 15-cv-02177-SI <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. 52 |

On January 22, 2016, the Court held a hearing on defendant's motion for judgment on the pleadings. For the reasons discussed below, the Court hereby DENIES the motion.

## BACKGROUND

Plaintiff Cave Consulting Group ("CCGroup") accuses defendant Truven Health Analytics, Inc. ("Truven") of willfully and deliberately infringing two of CCGroup's patents: U.S. Patent No. 8,340,981 ("the '981 patent") and U.S. Patent No. 8,768,726 ("the '726 patent). Second Amended Compl. ("SAC") ¶¶ 9, 12. Both patents are entitled *Method, System, and Computer Program Product for Physician Efficiency Measurement and Patient Health Risk Stratification Utilizing Variable Windows for Episode Creation*. *Id.* ¶¶ 8, 11. The '981 patent is incorporated by reference in its entirety into the '726 patent. *See* '726 Patent at 1:11-23. The abstracts in both patents contain the following language:

> A method for measuring physician efficiency and patient health risk stratification is disclosed. Episodes of care are formed from medical claims data and an output process is performed. Physicians are assigned to report groups, and eligible physicians and episode assignments are determined. Condition-specific episode statistics and weighted episode statistics are calculated, from which physician efficiency scores are determined.

*See* '981 Patent at Abstract; '726 Patent at Abstract.

CCGroup alleges that Truven is "infringing one or more claims of both Asserted Patents by making, importing, using, selling, and/or offering for sale its physician efficiency measurement software and services, including at least the software products marketed as the 'Advantage Suite' and 'Physician Performance Assessment' ('the Accused Products')." SAC ¶15.

On December 14, 2015, defendant Truven filed a motion for judgment on the pleadings, contending that the asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. § 101 for lack of patentable subject matter. Truven contends that under the Supreme Court's decision in *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), the claims of the Patents-in-Suit are directed to a patent-ineligible abstract idea, and that the claims in question lack the "inventive concept" that is necessary for patent eligibility.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to dismiss a suit "[a]fter the pleadings are closed . . . but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The court must accept "all factual allegations in the complaint as true and construe them in light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase National Bank, USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (quoting *Dunlap v. Credit Protection Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005)).

Under § 282 of the Patent Act, issued patents are presumed to be valid. 35 U.S.C. § 282. As such, an alleged infringer asserting an invalidity defense pursuant to § 101 bears the burden of proving invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i L.P.*, 564 U.S. 91, 131 S. Ct. 2238, 2242 (2011).

2

**DISCUSSION**

An invention is patent-eligible if it claims "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has held that, by defining patentable subject matter with "such expansive terms . . . . Congress plainly contemplated that the patent laws would be given wide scope." *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980).

However, the Supreme Court has also held that § 101 contains an important implicit exception for three "patent-ineligible concepts": laws of nature, natural phenomena, and abstract ideas. *Alice*, 134 S. Ct. at 2355 (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1296–97 (2012)). The purpose of these exceptions is to protect "the basic tools of scientific and technological work that lie beyond the domain of patent protection." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013) (citations omitted.).

*Alice* provides the relevant analytical framework for "distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355. First, the court must determine whether the claims at issue are directed to one of the patent-ineligible concepts. *Id.* Second, if the claims are directed to a patent-ineligible concept, such as an abstract idea, the court "must consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.* (citation and quotation marks omitted). "When viewing claim elements individually, the court must remember that recitation of conventional, routine, or well-understood activity will not save an abstract claim." *California Inst. of Tech. v. Hughes Commc'ns, Inc.*, 59 F. Supp. 3d 974, 992 (citing *Alice*, 134 S. Ct. at 2358). However, "[w]hen viewing claim elements as an ordered combination, the court should not ignore the presence of any element, even if the element, viewed separately, is abstract." *Id.* "If the ordered combination of elements constitutes conventional activity, the claim is not patentable, but courts should remember that a series of conventional elements may together form an unconventional, patentable combination." *Id.* (citing *Diamond v. Diehr*, 450 U.S. 175, 188 (1981)).

Truven contends that the '981 and '726 patents are invalid because "the asserted claims of the Patents-in-Suit are drawn to the abstract idea of collecting and organizing medical claims data to calculate physician efficiency," and the asserted claims add no "inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." Motion at 12-14 (citing *Alice,* 134 S. Ct. at 2357). CCGroup disputes both contentions, and argues that Truven has not met its burden to demonstrate invalidity. CCGroup notes that Truven did not submit any evidence in support of its motion, and CCGroup asserts that Court must construe the claims prior to determining validity.

Based upon the current record, the Court finds that defendant has not met its burden to demonstrate the patents-in-suit are invalid. The Federal Circuit has instructed that while "claim construction is not an inviolable prerequisite to a validity determination under § 101. . . . it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Bancorp Servs., L.L.C. v Sun Life Assur. Co. of Canada (U.S.),* 687 F.3d 1266, 1273-1274 (Fed. Cir. 2013); *see also Ultramercial Inc. v. Hulu LLC,* 722 F.3d 1335, 1339 (Fed. Cir. 2013) ("the analysis under § 101, while ultimately a legal determination, is rife with underlying factual issues."). Here, claim construction will aid the Court's Section 101 analysis in a number of respects, including with regard to determining the scope of preemption and whether the claims contain an inventive concept.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the motion for judgment on the pleadings without prejudice to renewal after claim construction and on a fuller factual record.

**IT IS SO ORDERED**.

Dated: January 25, 2016

_____
SUSAN ILLSTON
United States District Judge

4