UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRUVEN HEALTH ANALYTICS INC., <br><br> Defendant. | Case No. 15-cv-02177-SI <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT; GRANTING PLAINTIFF LEAVE TO FILE AMENDED INFRINGEMENT CONTENTIONS; DENYING DEFENDANT'S ADMINISTRTIVE MOTION TO FILE SECOND SUMMARY JUDGMENT MOTION** <br><br> Re: Dkt. Nos. 83, 93, 92, 95 |

On December 21, 2016, the Court held a hearing on defendant's motion for summary judgment, plaintiff's motion for leave to file an amended complaint, and plaintiff's motion for leave to file amended infringement contentions.

The Court DENIES defendant's motion for summary judgment, finding that defendant has not met its burden to show by clear and convincing evidence that the asserted claims of the '726 patent are invalid under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). The Court cannot grant summary judgment because, *inter alia*, Truven did not submit any evidence in support of its contention that the claim limitations are well-understood, routine or conventional activities, or that the asserted claims preempt the concept of calculating physician efficiency. In contrast, Cave Consulting Group submitted a declaration from its expert, Dr. Bergeron, who states that the asserted claims improve a technological process by creating a set of specific rules for measuring physician efficiency. Dr. Bergeron also states that the asserted claims do not preempt the idea of collecting and organizing medical claims data to calculate physician efficiency, and he

provides specific alternative examples. Truven did not submit any comparable countervailing evidence. Although the Court finds that Truven's arguments are not without force, on this record the Court concludes that Truven has not met its burden to warrant summary judgment.

The Court GRANTS plaintiff's motion for leave to file an amended complaint, subject to the conditions that (1) the withdrawal of the claims regarding the '981 patent is with prejudice; and (2) Cave executes a covenant not to sue Truven on the existing claims of the '981 patent.[1] The parties are directed to meet and confer regarding the covenant not to sue, and once that covenant has been signed, Cave shall file the amended complaint. The Court recognizes that Truven may wish to pursue a future determination of prevailing party status with regard to the '981 patent, and it is the Court's view that a withdrawal of the '981 patent with prejudice does not impair Truven's ability to seek such a determination. In light of the withdrawal of the '981 patent, the Court DENIES defendant's administrative motion to file a motion for summary judgment on the '981 patent.

Finally, the Court GRANTS plaintiff's motion for leave to file amended infringement contentions to assert claims 9 and 10 of the '726 patent. Based upon the record before the Court, the Court finds that Cave has acted diligently, and Truven has not identified in its papers any specific prejudice that would result if the motion is granted.

**IT IS SO ORDERED**.

Dated: December 22, 2016

SUSAN ILLSTON
United States District Judge

---

[1] The Court does not find it appropriate to extend the covenant not to sue to Truven's affiliates, such as its parent IBM. Nor does the Court find it appropriate to broaden the scope of the covenant not to sue to any future claims with regard to the '981 patent if that patent is altered after a reexamination.