UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRUVEN HEALTH ANALYTICS INC., <br><br> Defendant. | Case No. 15-cv-02177-SI <br><br> **ORDER RE: DISCOVERY AND SETTING CASE MANAGEMENT CONFERENCE FOR FEBRUARY 17, 2017 AT 3:00 P.M.** <br><br> Re: Dkt. Nos. 116, 122, 142 |

The parties have submitted two discovery disputes to the Court for resolution. The first concerns plaintiff's Interrogatory 9, which requests,

> For the Advantage Suite and each software product or service identified in response to Interrogatory No. 1, identify: (a) each customer for the software product or service; (b) the date each software product or service was sold to each customer; (c) the manner in which each software product or service was sold to each customer (e.g., hosting, ASP services, etc.); and (d) any add-ons (e.g. hardware, software, or services) that have been sold with each software product or service to each customer.

Dkt. No. 116 at 1. Plaintiff states that defendant limited its supplemental response to the identities of 11 customers of both Advantage Suite and Physician Performance Assessment for the period 2009 to present, and that defendant has refused to identify any information for customers of Advantage Suite alone or for use of Truven's products prior to 2009. Plaintiff argues that Interrogatory 9 is directed at yielding information directly relevant to damages and liability, and to identify avenues for discovering relevant information and possession of defendant's customers. Plaintiff also argues that Interrogatory 9 seeks information about the demand for the infringing products, as well as information relevant to defendant's indirect infringement.

Defendant responds that Interrogatory 9 does not have any bearing on financial information, comparable products, market share, or indirect infringement. Defendant also asserts

1  that plaintiff cannot show that the burden of collecting the information sought is proportional to its
2  needs because defendant's Advantage Suite has hundreds of customers and each has unique
3  license agreements. Defendant also argues that production of customer lists is burdensome
4  because of the sensitivity and business confidentiality of this information. Defendant also asserts
5  that plaintiff has not explained how information about all customers is not duplicative of the
6  relevant information, if any, that the subset of 11 customers provides.

The Court finds that the information plaintiff seeks in Interrogatory 9 is relevant to damages and indirect infringement, but the Court also agrees with defendant that the interrogatory as framed is burdensome and not proportional to the needs of this case. The Court finds it appropriate for defendant to supplement its discovery responses to Interrogatory 9 no later than February 10, 2017, by providing the requested information regarding 20 additional customers of Advantage Suite from the time period 2009-present.

The second dispute concerns the discovery and pretrial schedule. The parties agree that the discovery deadlines need to be extended for a variety of reasons, but they cannot agree on dates or on whether any modifications will affect the currently scheduled trial date. Defendant also states that the addition of claims 9 and 10 of the '726 patent requires supplemental claim construction, and that defendant intends to serve supplemental invalidity contentions. Finally, plaintiff has filed a motion for leave to file a third amended complaint asserting new claims for misappropriation of trade secrets, unfair competition, and intentional interference with prospective economic advantage. That motion is scheduled for a hearing on February 17, 2017, and the parties disagree about the impact on the discovery and pretrial schedule should the Court grant plaintiff leave to amend the complaint.

The Court finds it is premature at this time to decide whether these matters will affect the remaining pretrial schedule and trial date. The Court extends the deadline for the close of fact discovery to February 24, 2017. The Court will hold a case management conference with the parties on February 17, 2017 at 3:00 p.m. to address whether any further extensions of that deadline, as well as the other pretrial and trial dates, are warranted.

Defendant proposes setting deadlines for service of amended invalidity contentions as well

as a schedule for supplemental claim construction after the Court resolves plaintiff's motion for leave to file a third amended complaint. As the new proposed claims are not for patent infringement, however, the Court sees no reason to delay these matters until after the motion for leave to amend is decided. Accordingly, the Court sets the following schedule regarding service of the amended invalidity contentions and supplemental claim construction: (1) defendant shall serve any amended invalidity contentions by February 3, 2017; and (2) the parties shall exchange supplemental proposed terms to be construed and supplemental proposed claim constructions by February 10, 2017. The Court will address the matter of supplemental claim construction and set a briefing and hearing schedule if necessary at the February 17, 2017 case management conference.

**IT IS SO ORDERED**.

Dated: January 25, 2017

SUSAN ILLSTON
United States District Judge