UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br> Plaintiff, <br> v. <br> TRUVEN HEALTH ANALYTICS INC., <br> Defendant. | Case No. 15-cv-02177-SI <br><br> **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS** <br> Re: Dkt. No. 163 |

Plaintiff has filed an administrative motion to retain the confidentiality designations for two documents produced by plaintiff in this case. The documents are a 2002 proposal for a physician efficiency study sent by Dr. Cave to the Centers for Medicare and Medicaid Services ("CMS") and a 2003 report to CMS on the results of the study. Plaintiff designated both documents as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this case. The 2002 proposal sought to use medical claims data from CMS for the physician efficiency study. Plaintiff states that the CMS claims data is available for use by members of the public under strictly defined circumstances.

Plaintiff asserts that the 2002 proposal should remain confidential because when Dr. Cave submitted the proposal, it was his "understanding and expectation" that the information will be kept confidential. Cave Decl. ¶ 8 (Dkt. No. 163-12). Plaintiff asserts that this expectation was based on the fact that the 2002 proposal contained Dr. Cave's study protocol, and "[i]ndividuals working in the healthcare industry recognize both the necessity of collaboration and the imperative of confidentiality." Plaintiff's Motion at 4 (Dkt. No. 163-4); Cave Decl. ¶ 8. Plaintiff argues that if the study protocol was made public, current and prospective competitors of plaintiff could use the protocol as a shortcut to developing their own research, causing competitive harm to plaintiff.

Plaintiff argues that it would seriously harmed if the 2003 report became public because plaintiff is strictly prohibited from disclosing the results of the study without the approval of CMS. Plaintiff states that nearly all of plaintiff's clients manage Medicare- and Medicaid-related work for CMS, and plaintiff's agreements with its clients are predicated on plaintiff remaining in good standing with CMS.

Defendant argues that plaintiff has failed to show that the documents contain highly confidential information subject to protection under the Protective Order. Defendant also argues that plaintiff has not met its burden to show that any specific harm or prejudice will result from the disclosure of either document. Defendant notes that both documents are letters from Dr. Cave to a third-party, CMS. Defendant further notes that that neither document indicates that Dr. Cave intended that the communication was confidential at the time that it was sent.

For good cause, the Court may protect information such as "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result" if a protective order is lifted. *Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted).

When a party challenges the confidentiality of information under a protective order, the Court must conduct a two-step analysis. "First, it must determine whether particularized harm will result from disclosure of information to the public." *In re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 424 (9th Cir. 2011) (quotation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). The party seeking to maintain confidentiality must "allege specific prejudice or harm." *Id*. "Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 307 (N.D. Cal. 2005) (citation and internal quotations omitted).

2

"Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *In re Roman Catholic Archbishop*, 661 F.3d at 424. The Court considers the following list of non-exhaustive factors: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Id*. at 424 n.5 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

The Court concludes that plaintiff has failed to meet its burden to show that the documents at issue should retain their confidentiality designations. Plaintiff has not demonstrated that the 2002 proposal contains information that reflects "a trade secret or other confidential research, development, or commercial information" as required by Rule 26. Instead, plaintiff generally describes the 2002 proposal as containing Dr. Cave's "study protocol for evaluating physician efficiency." However, plaintiff does not identify any specific information that supports a "Highly Confidential – Attorneys' Eyes Only" designation.

Further, there is nothing from the face of the 2002 proposal that indicates it was meant to be kept confidential. Dr. Cave's 2017 declaration stating that it was his "understanding and expectation" that CMS would keep the information confidential does not, without more, establish that the document is entitled to protection. As defendant notes, although plaintiff repeatedly refers to "obligations under CMS regulations," plaintiff does not identify any specific CMS regulation, nor does plaintiff describe any specific confidentiality obligations imposed by a CMS regulation regarding the 2002 proposal. Finally, plaintiff's assertion that, if disclosed, "current and prospective competitors of CCGroup could use the protocol as a shortcut to developing their own research" is a "[b]road allegation[] of harm, unsubstantiated by specific examples or articulated reasoning [that does] not satisfy the Rule 26(c) test." *Beckman Industries, Inc*., 966 F.2d at 476.

Similarly, plaintiff has failed to meet its burden to show that the 2003 report is confidential. Plaintiff does not explain how the information in this document constitutes "a trade secret or other confidential research, development, or commercial information" under Rule 26(c). In addition, although plaintiff claims that it could lose its standing with CMS if the document became public, as defendant notes, the 2003 report is identified in the "References" section of the CCGroup Marketbasket System Manual in the list of "articles published by CCGroup that addresses physician efficiency and quality measurement." Plaintiff's assertions of harm that will flow from disclosure of the documents are not substantiated on this record.

Accordingly, the Court DENIES plaintiff's administrative motion and holds that the two documents at issue (CCGroup0000001-81 and CCGroup0006246-6288) are hereby de-designated.

**IT IS SO ORDERED**.

Dated: May 1, 2017

SUSAN ILLSTON
United States District Judge