UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br> Plaintiff, <br> v. <br> TRUVEN HEALTH ANALYTICS INC., <br> Defendant. | Case No. 15-cv-02177-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. Nos. 215, 217 |

The parties have submitted two discovery disputes to the Court. The first concerns plaintiff's request that defendant be required to respond fully to plaintiff's Interrogatory No. 21. That interrogatory asks, "Identify each Truven customer who has used Advantage Suite to perform an efficiency (cost) profile to compare physicians of a particular specialty type on the basis of cost per episode." Defendant's responses to this interrogatory have been framed in terms of identifying customers who have "generated a physician efficiency score," or by incorporating responses to other interrogatories and requests for production of documents.

Plaintiff contends that defendant's responses are inadequate because the interrogatory did not use the concept of a "physician efficiency score," and that by using this phrase in its responses defendant has improperly narrowed the interrogatory. Plaintiff also asserts that defendant cannot respond to Interrogatory No. 21 through reference to other discovery responses because the other discovery requests were directed at different information, and because the other discovery responses referred to hundreds of allegedly responsive documents. Plaintiff seeks an order directing defendant to respond to Interrogatory No. 21 as written.

Defendant responds that it has repeatedly provided a straightforward answer to the interrogatory, and that "the answer has always been that Truven does not know of any such

customers." Dkt. No. 215 at 4. Defendant also asserts that plaintiff has questioned nearly all of defendant's witnesses on this issue, and that all of the witnesses have testified that they are not aware of any Truven customers using Advantage Suite in a manner potentially covered by the claims of the '726 patent.

Based upon defendant's representations in the parties' joint letter brief, it is not clear that there is an actual dispute between the parties (or if there is one, that it could not have been resolved through the meet and confer process). In any event, because defendant's responses have used the phrase "physician efficiency score," which is not used in the interrogatory itself, the Court directs defendant to respond to Interrogatory No. 21 as it is written. Defendant shall provide a supplemental response no later than **June 2, 2017**.

The second discovery dispute concerns plaintiff's request that defendant be required to produce documents relating to its own practice of physician efficiency measurement and to provide a Rule 30(b)(6) witness to testify about the same. Plaintiff states that in recent depositions, "it has emerged that Truven has also been conducting physician efficiency measurement internally, with the objective of 'overhauling' or replacing its existing efficiency measurement methodologies." Dkt. No. 217 at 1. Plaintiff asserts that discovery about defendant's internal use of physician efficiency methods is relevant because (1) it likely constitutes direct infringement; (2) defendant's recognition of the benefits of "Marketbaskets" and other attributes claimed in the '726 patent is evidence of the novelty and inventiveness of the patent claims; and (3) defendant's "migration in the direction of CCGroup's patent claims is relevant to the value of the claimed technology." *Id*.

Defendant responds that it provided information regarding its internal use of Advantage Suite for basic methodological research purposes in December 2016, five months before the close of fact discovery. Defendant asserts that "[i]f this basic methodology research – not incorporated in any Truven product, let alone an accused product – were relevant to this lawsuit, CCGroup could have diligently pursued discovery months ago, including seeking this Court's intervention if necessary. Instead, CCGroup did not even discuss this matter with Truven until May 3: five days after the close of fact discovery." *Id*. at 4. Defendant also asserts that if plaintiff wants to argue

2

that defendant's internal use of physician efficiency methods constitutes direct infringement and is evidence of the inventiveness and value of the claimed technology, plaintiff may make these arguments based on the documentary and testimonial discovery it already has.

The Court agrees with defendant that plaintiff has not demonstrated good cause to reopen fact discovery on this matter. On this record, the Court finds that plaintiff has not been diligent in pursuing discovery regarding this internal Truven project. Further, the discovery sought appears to be of limited relevance in light of the fact that Truven's internal research methodologies have not been incorporated into any Truven product, and in any event, plaintiff already has some discovery on this issue. Accordingly, the Court DENIES plaintiff's request to compel further discovery.

**IT IS SO ORDERED**.

Dated: May 24, 2017

SUSAN ILLSTON
United States District Judge