UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br> Plaintiff, <br> v. <br> TRUVEN HEALTH ANALYTICS INC., <br> Defendant. | Case No. 15-cv-02177-SI <br><br> **ORDER RE: TRUVEN'S MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Re: Dkt. Nos. 366, 371, 374 |

In an order filed March 14, 2018, the Court granted in part defendant Truven Health Analytics's ("Truven") motion for attorneys' fees and nontaxable expenses related to Truven's defense against plaintiff Cave Consulting Group's ("CCGroup") assertion of U.S. Patent No. 8,340,981 ("the '981 patent"). Dkt. No. 365. The Court held that this case was "exceptional" under 35 U.S.C. § 285 because CCGroup asserted the '981 patent when CCGroup knew or should have known that the '981 patent was invalidated by its own product. The Court found that Truven was entitled to its fees and costs incurred as a result of litigating the '981 patent.

With regard to the calculation of a reasonable fee, Truven contended that CCGroup's assertion of the '981 patent at most doubled the amount of work that it performed in this case, and Truven "conservative[ly]" request[ed] 25% of the total fees for patent-related work incurred from the filing of the complaint until the '981 patent was withdrawn to account for the "overlap in defending against the two related patents." Dkt. No. 362 at 6:24-7:4. In support of the fee motion, Truven submitted a declaration from counsel, with supporting exhibits, setting forth the total time spent on the patent claims between May 14, 2015 to February 21, 2017, as well as Truven's total expenses. Dkt. No. 348-1 to 348-14. Truven's fee request entirely excluded work not related to the patent claims (for example, discovery related to the later-dropped trade secret claims) before

applying the 25%.

In addition to opposing the award of any fees, CCGroup's opposition argued that if the Court granted fees it was required to apply the "but for" standard articulated in Supreme Court case law, and that Truven was entitled to recover only those fees and costs it incurred because of CCGroup's assertion of the '981 patent. CCGroup argued that Truven had not shown that the fees it sought would have been incurred "but for" CCGroup's assertion of the '981 patent, and CCGroup took the position that it was "impossible" to determine what fees and costs were attributable to the '981 patent because the '981 and '726 patents are nearly identical, and there were only a few claim construction issues specific to the '981 patent. Dkt. No. 358 at 1, 11-12.

In the March 14, 2018 order, the Court agreed with CCGroup that the "but for" standard set forth in *Fox v. Vice*, 563 U.S. 826, 836 (2011), applied to Truven's motion for fees and expenses. Dkt. No. 365 at 13-14. The Court found that while Truven's 25% flat request was not unreasonable in theory, Truven had not cited any authority that would permit the Court to award Truven's fees under the proposed 25% methodology (nor did Truven argue that its percentage methodology was consistent with the "but for" standard). *Id.* at 14. The Court directed Truven to submit a revised fee and cost request that sought only those fees and expenses that were incurred as a result of defending against CCGroup's claims under the '981 patent.

In April 2018, the parties filed supplemental letter briefs and documentation. Dkt. Nos. 366, 371-372, 374. As with its initial fee motion, Truven's supplemental fee request seeks fees and expenses calculated under a percentage methodology − 25% of its total patent fees and costs during the period of time that the '981 patent was pending, as well as fees related to the fee motion through March 31, 2018, for a total of $280,858.48.[1] Dkt. No. 366. Truven's supplemental letter briefs cite a number of cases, which were not cited in Truven's initial fee motion or reply brief, in support of its position that the Court may award fees under a "but for" standard using a percentage methodology. *See generally* Dkt. No. 366 at 1-4; Dkt. No. 374 at 3-5. The cases cited by Truven generally stand for the proposition that when a district "court cannot determine precisely which

---

[1] Truven's initial fee motion and reply did not seek fees for time spent litigating the fee motion.

2

hours were spent pursuing [frivolous] claims as opposed to [non-frivolous] claims," the "court may exercise its discretion to award a percentage of the fees requested, provided that its choice of a percentage is guided by reason." *Zaman v. Kelly Servs.*, Case No. 15-cv-04601-HRL, 2017 WL 2335601, at *7 (N.D. Cal. May 30, 2017).

Truven argues that it is appropriate to award 25% of its patent fees in this case because it is not possible to determine with absolute precision which hours Truven spent defending against the '981 claims as opposed to the '726 claims because Truven's billing items are not segregated by patent claim. *See* Vega Decl. ¶ 2 ("At Turner Boyd, time records are maintained electronically and entered in tenths of an hour increments. Time records are entered in block format, meaning that entries are not segregated on a claim-by-claim basis nor on an activity-by-activity basis.") (Dkt. No. 366-1); Vega Decl. Ex. B (example time entries) (Dkt. No. 366-3). In support of its supplemental fee request, Truven has submitted declarations from the lawyers who worked on this case, an exhibit summarizing the time spent by all timekeepers, a table containing example time entries for each timekeeper, and other pleadings in this case. Dkt. No. 366-1 to 366-7; Dkt. No. 374-1 to 374-5.[2] In their declarations, the lawyers state that they have reviewed all of their time entries for work done on this case, and that based upon their knowledge of the litigation and how the team analyzed and litigated the case, it is their view that 25% is a fair approximation of the time billed solely because of the '981 patent claims. *See* Vega Decl. ¶¶ 6-7 (Dkt. No. 366-1)[3]; Boyd Decl. ¶ 2 (Dkt. No. 366-5); Wai Decl. ¶ 2 (Dkt. No. 366-6).

---

[2] One of the exhibits submitted by Truven in support of its supplemental reply brief is a declaration filed by CCGroup's counsel of record in this case in support of CCGroup's fee request in *CCGroup v. OptumInsight, Inc.*, Case No. 5:11-cv-0469 EJD (N.D. Cal. 2015). Dkt. No. 374-2. In that declaration, CCGroup's counsel explained the methodology CCGroup used to prepare its fee request, which sought fees incurred litigating some but not all of the patents asserted in that case. *Id.* at ¶ 22. Mr. Brophy stated, "First, counsel identified all time entries that related solely to the Dang patents, and claimed 100% of the associated fees. Second, counsel identified all time entries that encompassed work involving both the Dang patents and other patents in suit (for example, claim construction briefing or document review), and claimed 75% of the associated fees. . . . Third, counsel excluded all time entries that related solely or almost entirely to work regarding patents other than the Dang patents." *Id.* Truven argues that the position taken by CCGroup in *OptumInsight* undercuts its arguments here that a percentage methodology is inappropriate.

[3] Ms. Vega also reviewed the time entries of another lawyer who worked on the case, Letitia Lee, who is no longer employed by Turner Boyd.

3

Truven's supplemental submission argues that a 25% fee award is supported by the fact that the '981 patent claim was one of two patents asserted during the relevant time period (indeed, Truven argues that this fact would support a 50% fee award). Truven also analyzes the number of pages dedicated to briefing on claim construction, infringement, and validity issues specific to the '981 patent, as well as discovery that was specific to the '981 patent, to demonstrate that a 25% fee award is reasonable and supported. For example, Truven notes that on claim construction, Truven dedicated 25.8% (approximately 6 out of 23¼ pages) of its responsive brief to the maximum duration rule and static/variable window periods limitation, a limitation unique to the '981 patent. *See* Dkt. No. 65 at 1, 4, 7, 16-24.[4] Truven also asserts that for infringement, the independent claims from the two patents include eight overlapping (but not identical) claim elements and two elements unique to the '981 patent (maximum duration rule and the apparatus claim preamble of claim 20), and Truven argues that but for the frivolous '981 patent claim, Truven would not have incurred the work performed on 2 out of 10 total claim elements (20%). Truven also identifies invalidity arguments specific to the '981 patent, as well as discovery. *See* Dkt. No. 366 at 8; Dkt. No. 374 at 7.

The Court is persuaded by the arguments in Truven's supplemental submission, and concludes that the fees[5] that Truven seeks are reasonable and represent a fair apportionment of the time and costs attributable to the '981 patent. In *Goodyear Tire & Rubber Company v. Haeger*, the Supreme Court held that a court retains discretion to award fees based on estimates to calculate and allocate an attorney's time spent on frivolous versus non-frivolous claims:

---

[4] Truven notes that CCGroup devoted a similar amount of pages to that limitation: 4 out of 20¼-pages (19.8%) of its opening brief, and 5 out of 15 pages (33%) of its reply brief. *See* Dkt. No. 64 at 4, 9-13; Dkt. No. 68 at 1, 9-15.

[5] However, the Court does not find it appropriate to award "fees on fees" in this case. Truven's initial fee motion and reply did not seek fees related to litigating the fee motion. Truven's April 6, 2018 supplemental letter brief seeks $66,939 in fees for work performed on the fee matters between December 15, 2017 and March 31, 2018. The Court finds that Truven should not recover these fees because Truven did not seek any of these fees in the original fee petition. Further, the Court does not find it appropriate to award fees incurred for the supplemental filings because the analysis and documentation contained in the supplemental filings should have been included in the initial fee motion.

4

> This but-for causation standard generally demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment. The court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct. The award is then the sum total of the fees that, except for the misbehavior, would not have accrued. *See [Fox v. Vice*, 562 U.S. 826] at 837-838, 131 S.Ct. 2205 (providing illustrative examples). But as we stressed in *Fox*, trial courts undertaking that task "need not, and indeed should not, become green-eyeshade accountants" (or whatever the contemporary equivalent is). *Id.*, at 838, 131 S.Ct. 2205. "The essential goal" in shifting fees is "to do rough justice, not to achieve auditing perfection." *Ibid*. Accordingly, a district court "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Ibid*. The court may decide, for example, that all (or a set percentage) of a particular category of expenses—say, for expert discovery—were incurred solely because of a litigant's bad-faith conduct. And such judgments, in light of the trial court's "superior understanding of the litigation," are entitled to substantial deference on appeal. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017); *see also Fox v. Vice*, 563 U.S. at 838 ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *Zaman*, 2017 WL 2335601, at *7 (in fee award for time spent litigating some but not all claims, awarding 33% of total fees incurred based on review of, *inter alia*, percentages of briefing devoted to particular claims); *see also Environmental Manufacturing Solutions, LLC v. Peach State Labs, Inc.*, 274 F. Supp. 3d 1298, 1319 (M.D. Fla. 2017) (awarding fees incurred due to misconduct, and holding "with regard to the pre-trial preparation, trial, and post-trial motion stages, the Court estimates that only twenty-five percent of the fees incurred were dedicated to litigating literal infringement, which would have been resolved with true product formulas and samples; thus, only that portion of the fees is recoverable").

CCGroup's supplemental opposition argues that Truven has failed to comply with the Court's March 13, 2018 order, and that Truven's supplemental filings are insufficient.[6] The Court finds that these arguments are largely without merit. CCGroup complains that Truven did not provide its billing records in support of its fee request (although Truven did offer to provide them for *in camera* review), and CCGroup argues that "[b]ecause Truven withholds the actual best

---

[6] CCGroup does not object to Truven's hourly rates.

5

evidence of the fees it incurred—its invoices and time records—neither CCGroup nor this Court has any opportunity to test what fees Truven actually incurred on CCGroup's claim for infringement of the '981 patent." Dkt. No. 371 at 1. However, as Truven notes, courts have held that when exact apportionment is not possible—such as when attorneys use block billing—courts may award fees by estimating what percentage of time was spent on recoverable claims, and courts have done so by, *inter alia*, reviewing the percentage of time devoted to different claims and issues in the briefing. Based upon the Court's familiarity with this litigation and the issues related to the '981 patent versus the '726 patent, the Court finds that it is reasonable to estimate that 25% of the total patent work during the relevant time period is attributable to the '981 patent. Further, the Court finds that based upon the declarations of defense counsel as well as the example time entries which show that counsel block billed their time, requiring Truven to provide their billing records would not aid this Court in determining a reasonable fee.

CCGroup also argues that Truven continues to seek time for non-patent work. However, as set forth in Truven's initial and supplemental fee filings, Truven's fee motion excludes all time spent on non-patent work prior to applying the 25%. CCGroup also asserts that much of the work performed in this case, such as discovery and motion practice, would have been done regardless of the '981 patent. The Court has taken that point into consideration in concluding that 25% is a reasonable allocation.

Finally, CCGroup objects to Truven's request for nontaxable expenses on the ground that Truven has not shown that the expenses are attributable to the '981 patent. Truven states that for the time period from May 14, 2015 to February 21, 2017, its expenses totaled $38,956.06. Vega Decl. ¶ 10 (Dkt. No. 366-1). These expenses include: travel expenses, including lodging ($10,896.20), ediscovery ($24,014.76), document delivery ($654.75), patent searching services ($2687.25), and court transcripts ($703.10). *Id*. Truven seeks 25% of these expenses, for a total of $9,739.02.

The Court agrees with CCGroup that some of these expenses, such as travel and lodging, would have been incurred regardless of CCGroup's assertion of the '981 patent, and Truven has not identified any travel undertaken solely to litigate an issue regarding the '981 patent, such as a

6

hearing specific to that patent. Thus, the Court does not find it appropriate to award any portion of those expenses. With regard to the other expenses sought—for ediscovery, document delivery, patent searching services, and transcripts—the Court finds that it is reasonable to award 25% because as a matter of common sense those expenses were greater than they would otherwise have been if the '981 patent was not asserted.

Accordingly, the Court GRANTS IN PART Truven's request for fees and costs and awards $204,180.46 in fees and $7,014.96 in nontaxable expenses. The fees are the amount sought in Truven's initial fee motion and reply and thus do not include any fees related to the litigation of the fee motion, and the expenses do not include the travel/lodging expenses.

**IT IS SO ORDERED**.

Dated: June 6, 2018

SUSAN ILLSTON
United States District Judge