UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVE CONSULTING GROUP, INC., <br> Plaintiff, <br> v. <br> TRUVEN HEALTH ANALYTICS INC., <br> Defendant. | Case No. 15-cv-02177-SI <br><br> **ORDER DENYING CCGROUP'S MOTION TO VACATE ORDER AND JUDGMENT** <br><br> Re: Dkt. No. 383 |

Cave Consulting Group, Inc. ("CCGroup") has filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate this Court's December 15, 2017 order granting Truven's motion for summary judgment of invalidity under 35 U.S.C. § 101 and the judgment in this case. The motion is scheduled for a hearing on June 7, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is suitable for resolution without oral argument and VACATES the hearing.

CCGroup contends that vacatur of the summary judgment order and judgment are appropriate because this case was mooted "by happenstance" on appeal after the Supreme Court denied *certiorari* in *Cave Consulting Group, LLC v. OptumInsight, Inc.*, 725 Fed. App'x 988 (Fed. Cir. Mar. 21, 2019), *cert. denied*, 2019 WL 113173 (U.S. Jan. 7, 2019). CCGroup argues that the Federal Circuit's decision in *OptumInsight* reversing Judge Davila's construction of the claim term "weighted episode of care statistics" from the '126 patent logically would apply to this Court's identical construction of the same term from the related '726 patent, and that as a result of the *OptumInsight* decision CCGroup no longer has a claim for infringement against Truven. CCGroup also argues that vacatur is warranted because this Court's section 101 invalidity determination was "premised on an erroneous claim construction" and "using an analysis that has since been substantially altered by the Federal Circuit." CCGroup's Reply at 4 (Dkt. No. 389).

"[T]he touchstone of vacatur is equity." *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995). "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). "Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id.*; *see also Dilley*, 64 F.3d at 1370 ("[T]he equitable principles weighing in favor of vacatur in these situations cut the other direction where the appellant by his own act prevents appellate review of the adverse judgment.").

The Court concludes that vacatur is not appropriate because CCGroup's appeal was mooted by its own voluntary execution of a covenant not to sue in this case on February 23, 2019, approximately one week before the scheduled oral argument. Because *OptumInsight* involved a different patent, the Federal Circuit's decision (and the Supreme Court's denial of certiorari) did not automatically affect proceedings in this case, and CCGroup could have continued with its appeal of this Court's invalidity decision. Further, although CCGroup asserts that the invalidity decision was "premised on an erroneous claim construction," the Court's invalidity opinion did not discuss or rely in any way on the Court's construction of "weighted episode of care statistics." On this record, the Court concludes that vacatur is not warranted and is not in the public interest. *See U.S. Bancorp*, 513 U.S. at 27 ("Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system.").

Accordingly, the Court DENIES CCGroup's motion for vacatur.

**IT IS SO ORDERED**.

Dated: May 14, 2019

_____
SUSAN ILLSTON
United States District Judge

2